UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-cv-62336-COHN/HUNT

JONATHAN HERNANDEZ,

    Plaintiff,

vs.

FLOKEL ENTERPRISES INC.
AND RONAN GIDEKEL,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISSAL WITH PREJUDICE

Plaintiff, Jonathan Hernandez, and Defendants, Flokel Enterprises Inc. and Ronan Gidekel ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A". The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the parties' Settlement Agreement, Plaintiff will receive $1,500.00 in satisfaction of his overtime claim, plus $1,500.00 in liquidated damages. Plaintiff's counsel will receive the total amount of $7,000.00.

After Plaintiff filed his statement of claim [ECF No. 9], Defendants presented thorough time records that disputed Plaintiff's estimates. Plaintiff acknowledged that Defendants' records

were accurate, and showed that he was owed less money than his statement of claim, but that he was still entitled to overtime wages as reflected in the amounts above. The parties realized there was no need for additional litigation to ensue and resolved this matter expeditiously and efficiently.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### **(1)** *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

**(2)** *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

As mentioned above, the parties did not need to engage in protracted litigation due to a timely exchange of records that narrowed the issues and facilitated settlement.

**(3)** *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records, which they independently analyzed. Based on this analysis, the parties decided to resolve this matter.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The parties agree that Plaintiff was owed overtime wages, thus Plaintiff's probability of success on the merits was certain. However, Plaintiff saw no need to dispute the time records provided by Defendants.

**(5)** *The Range of Possible Recovery Supports Approval.*

The parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 16th day of March 2023.

s/*Toussaint Cummings, Esq.*
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

*/s/ Juliana Gonzalez, Esq.*
Juliana Gonzalez, Esq. (54660)
juliana@ljmpalaw.com
MC Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel:   305.448.9557
*Counsel for Defendants*