## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement and mutual release ("Agreement") is entered into by and between Jonathan Hernandez ("Plaintiff"), and Flokel Enterprises, Inc, and Ronan Gidekel ("Defendants").

### RECITALS

**WHEREAS** Plaintiff filed a claim under the Fair Labor Standards Act seeking overtime pay against Defendants, currently pending in the Southern District of Florida, styled *Jonathan Hernandez v. Flokel Enterprises, Inc. and Ronan Gidekel*, Case No. 0:22-cv-62336 ("Lawsuit").

**WHEREAS** Defendants deny Plaintiff's allegations. However, they seek to resolve Plaintiff's claims against them to avoid the risks and costs of continued litigation.

**WHEREAS** the Parties acknowledge that the execution of this Agreement is the result of compromise and negotiations between the Parties; that this Agreement is entered into voluntarily and in good faith by the Parties, and that this Agreement shall never be considered as an admission of liability by either Party.

### AGREEMENT

**NOW, THERETOFORE**, in consideration of the mutual promises contained therein and the consideration provided to Plaintiff as set forth in this Agreement, the adequacy of which Plaintiff acknowledges, it is agreed as follows:

1. **Consideration for Settlement.** In consideration for the praises contained in this Agreement and General Release, Defendants shall pay Plaintiff the total sum of Ten Thousand Dollars ($10,000.00) ("Settlement Sum") to be apportioned as detailed below:

    a. One check payable to Plaintiff in the gross amount of $1,500.00, minus payroll deductions required by law, representing Plaintiff's alleged economic damages. A W-2 form will be issued to Plaintiff for this sum.

    b. One check payable to Plaintiff in the gross amount of $1,500.00, without deductions, representing Plaintiff's alleged liquidated damages. A 1099 form will be issued to Plaintiff for this sum.

    c.    A check payable to Plaintiff's counsel in the amount of $7,000.00, representing Plaintiff's fees and costs resulting from this Lawsuit. A 1099 form will be issued to Plaintiff's counsel for this sum.

**2.     Settlement Conditions.**  The Settlement Sum will be delivered to Plaintiff's counsel Brian Pollock, Esq., and Toussaint Cummings, Esq., Fairlaw Firm, 135 San Lorenzo Ave., Suite 770, Coral Gables, FL 33146, within ten (10) days from the Court's approval of this Agreement. Plaintiff agrees to provide Defendants with W-9 forms for himself and his counsel, as well as a W-4 for Plaintiff.

**3.     Release.** Plaintiff knowingly and voluntarily releases and forever discharges Defendants, their current and former parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors, shareholders and agents of each, both individually and in their business capacities ("Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date Plaintiff executes this Agreement and General Release, including, but not limited to, any alleged violation of the following, as amended:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- Title II of the Genetic Information Non-Discrimination Act;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Florida Civil Rights Act of 1992, Chapter 760, Fla. Stats.;
- The Florida Private-Sector Whistleblower Act;
- Florida's Statutory Provision Regarding Wage Discrimination Based on Sex;
- Florida' Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim;
- The Florida Equal Pay Act;
- The Florida AIDS Act;
- The Florida Discrimination on the Basis of Sickle Cell Trait Law;

- Florida's OSHA;
- Florida's Wage Payment Laws;
- The Florida Wage Discrimination Law;
- Florida's Domestic Violence Leave Law;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008;
- Florida's Jury and Witness Duty Law;
- Florida's Military Leave Law;
- Fair Labor Standards Act;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract (oral or written, express or implied), tort, or common law including but not limited to any claims for wrongful discharge (actual or constructive), breach of implied or express contract, harassment of any kind, unpaid wages, vacation or sick leave pay, intentional or negligent infliction of emotional distress, defamation; and
- any basis for recovering costs, fees, or other expenses, including attorneys' fees, incurred in these matters.

4.  **Claims Not Released.**  Plaintiff is not waiving any rights he may have to: (a) his own vested accrued employee benefits under any health, welfare, or retirement benefit plans as of his last day of employment with Defendants; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and (e) challenge the validity of this Agreement.

5.  **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6.  **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class,

collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

7. **Dismissal with Prejudice.** Within ten (10) business days of the effective date of this Agreement, Plaintiff will file a voluntary dismissal with prejudice of his Lawsuit.

8. **Non-disparagement.** The Parties acknowledge and agree that they will not at any time engage in any form of conduct, or make any representations, whether written, verbal, electronic or otherwise, that disparage, defame, demean, or otherwise take actions designed to impair the reputation or commercial interest of the other Party or any person, company, or entity that is an affiliate of Plaintiff. For purposes of this section, this obligation applies to Ronan Gidekel only.

9. **No Rehire and Neutral Reference.** Plaintiff has agreed not to seek employment at any time with Defendants, and Plaintiff agrees that Defendants are under no obligation or duty to consider Plaintiff for re-employment in the future. If Plaintiff requires employment verification for any reason, Plaintiff must direct any prospective employer or person seeking employment verification to Ronan Gidekel via phone at 305-914-5444 or email at info@flokelenterprises.com. Ronan Gidekel will only provide prospective employers with Plaintiff's dates of work, position held, and rate of pay, without mentioning any demand letter, lawsuit, claims asserted by Plaintiff, or the resolution of such claims.

10. **Entire Agreement.** This Agreement contains the entire agreement between Plaintiff and Defendants with regard to the matters set forth herein. Plaintiff acknowledged that he has not relied on any representations, promises, agreements or offers of any kind made to Plaintiff in connection with his decision to enter into this Agreement, except for those set forth in this Agreement.

11. **Warranty of Capacity to Sign.** The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement except as otherwise set forth in the Agreement; and that they have the sole right and exclusive authority to sign this Agreement and receive the sums specified in it; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

12. **Comprehension of Document.** In entering into this Agreement, the Parties represent that they fully understand and voluntarily accept the terms of this Agreement. This Agreement represents a full and final compromise, adjustment, and settlement of any

and all claims, disputed or otherwise, on account of the matters discussed in it, for the purpose of excluding forever, as against the world, any further claims or demands by the undersigned flowing from the matters and events set forth herein.

13. **Governing Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida.

14. **Additional Documents.** The Parties agree to cooperate fully and sign any and all supplementary documents and take all additional actions necessary, if any, to give full force and effect to the terms and purpose of this Agreement.

15. **Counterparts.** The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

16. **Opportunity for Advice.** The Parties declare and acknowledge that they have all had the opportunity to seek advice concerning this Agreement from counsel of their choice. All Parties to this Agreement further acknowledge that each has executed this Agreement freely and voluntarily, with full knowledge of all material facts after independent investigation, and without fraud, duress, or undue influence of any kind or nature whatsoever, and that they fully understand each and every provision contained herein. Any ambiguity or uncertainty in the writing shall not be interpreted against the Party drafting this Agreement.

_/s/ Jonathan Hernandez_ (Mar 16, 2023 10:51 EDT)    03/16/2023
Jonathan Hernandez                                   Date


_____    _____
Flokel Enterprises, Inc.              Date
By: Ronan Gidekel



_____    _____
Ronan Gidekel                         Date

and all claims, disputed or otherwise, on account of the matters discussed in it, for the purpose of excluding forever, as against the world, any further claims or demands by the undersigned flowing from the matters and events set forth herein.

13. **Governing Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida.

14. **Additional Documents.** The Parties agree to cooperate fully and sign any and all supplementary documents and take all additional actions necessary, if any, to give full force and effect to the terms and purpose of this Agreement.

15. **Counterparts.** The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

16. **Opportunity for Advice.** The Parties declare and acknowledge that they have all had the opportunity to seek advice concerning this Agreement from counsel of their choice. All Parties to this Agreement further acknowledge that each has executed this Agreement freely and voluntarily, with full knowledge of all material facts after independent investigation, and without fraud, duress, or undue influence of any kind or nature whatsoever, and that they fully understand each and every provision contained herein. Any ambiguity or uncertainty in the writing shall not be interpreted against the Party drafting this Agreement.

_____    _____
Jonathan Hernandez                  Date

_____    _____
Flokel Enterprises, Inc.            3/13/2023
By: Ronan Gidekel                   Date

_____    _____
Ronan Gidekel                       3/13/2023
                                    Date